*Linus L. Baker KS 18197  MO 44980*
*6732 West 185th Terrace*
*Stilwell, Kansas 66085-8922*
*913.486.3913*
*913.232.8734 (fax)*
*linusbaker@prodigy.net*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Richard Smith<br>     Plaintiff<br>v.<br><br>Keith Kelly, in his official capacity for Jackson County<br>*<br>Mark Pruett, in his individual capacity for Jackson County<br>*<br>Dan Brenner, in his individual capacity for Jackson County<br>*<br>Todd Luckman, in his individual capacity for Jackson County<br>*<br>Scott Kieffaber, in his individual capacity for Jackson County<br>*<br>Keith Kelly, in his individual capacity<br><br>     Defendants | Case No. |

**COMPLAINT**

The plaintiff Richard Smith for his Complaint states as follows:

**JURISDICTION AND VENUE**

**1.** The Court has personal and subject matter jurisdiction under Title VII of the Civil Rights Act of 1964.

**2.** Venue is proper in this judicial district as the defendants regularly conduct substantial business activity in the state of Kansas.

1

## PARTIES

### PLAINTIFF

3. The plaintiff Richard Smith (Smith) is an adult citizen of the United States and a resident of the state of Kansas. Smith is a citizen journalist and reports for and utilizes Kansas Freedom News.

4. Jackson County Kansas (Jackson County) or (County) employed Richard Smith as an Equipment Operator.

### DEFENDANTS

5. Defendant Keith Kelly is a Commissioner for Jackson County, Kansas Board of County Commissioners. Jackson County Kansas has its principal place of business at the Jackson County Courthouse located at 400 New York Avenue, Room 106, Holton, KS 66436. Defendant Kelly is sued, in part, in his official capacity.

6. Defendant Mark Pruett resides at 14512 254th Road, Holton, KS 66436. Defendant Pruett is a Commissioner for Jackson County, Kansas Board of County Commissioners. Defendant Pruett is sued in his individual capacity.

7. Defendant Dan Brenner resides at 625 Iowa Avenue, Holton, KS 66436. Defendant Brenner is a Commissioner for Jackson County, Kansas Board of County Commissioners. Defendant Brenner is sued in his individual capacity.

8. Defendant Todd Luckman resides at 3112 SE Blazing Star Drive, Topeka, KS 66609. Defendant Luckman is sued in his individual capacity.

9. Defendant Scott Kieffaber resides at 6274 Highway K 16, Holton, KS, 66436. Defendant Kieffaber is sued in his individual capacity.

10. Defendant Keith Kelly resides at 13856 134th Road, Hoyt, KS 66440. Defendant Kelly is also sued in his individual capacity.

### COUNT I
### FIRST AMENDMENT RETALIATORY DISCHARGE FOR EXERCISING SPEECH RIGHTS – 42 U.S.C. § 1983

11. Plaintiff Smith restates the foregoing paragraphs as if set forth fully herein.

**12.** The First and Fourteenth Amendments to the U.S. Constitution provide for the right of an individual to have freedom of speech.

**13.** The contours of that right were clearly established at the time the retaliatory events and termination occurred.

**14.** A reasonable person would have known or should have known about that right.

**15.** On January 10, 2020, Mr. Smith was employed by the Jackson County Kansas Road & Bridge Department. Throughout his employment Mr. Smith performed all of his duties in a stellar and acceptable manner. Up until the time of his termination, Mr. Smith had never been disciplined or written up regarding the performance of his duties as a machine road operator. The previous Road & Bridge Superintendent noted that Mr. Smith was one of the best operators the County had, taking exceptional pride in his work, never turning down any job asked of him and was always willing to work late and on-call after hours.

**16.** On June 27th, 2023, Mr. Smith created a YouTube channel he titled as "Kansas Freedom News" in which he reported on matters of public concern including government actions and government employee interests.

**17.** Mr. Smith also reported news through his personal Facebook page.

**18.** Many of the stories Mr. Smith reported on were not complimentary to the Jackson County Commissioners and in fact were critical and brought in a different light contrary to the views and wishes of the defendants.

**19.** On August 18th, 2023, Mr. Smith posted on his Facebook website about a general "tiered" payroll system the defendant Jackson County Commissioners were considering implementing for all Road & Bridge employees. In the reporting, Mr. Smith had interviewed Jackson County employees who expressed being unhappy with that proposed pay system. Some expressed such criticism that they contemplated leaving their respective positions beginning in January of 2024. This was embarrassing to each of the defendants.

**20.** On August 26th, 2023, Mr. Smith published a video to his YouTube channel titled "(HD VERSION) JA CO KS R&B Meeting 'Shit Show'."

**21.** This video reported on the August 22nd, 2023, Jackson County Road & Bridge department employee meeting. Mr. Smith attended and recorded the meeting which was conducted by the defendant commissioners and Public Works Director defendant Kieffaber.

**22.** During the meeting, commissioner defendants Kelly, Brenner, and Pruett brought up the August 18th, 2023 Facebook post Mr. Smith had made regarding the rumored tiered payroll system. Each commissioner expressed disagreement and displeasure about its contents and they all threatened Mr. Smith with termination from his County job if he continued to report in a manner they did not approve of.

**23.** Regarding this Facebook post, defendant Kelly said, "I think to myself, 'Why would you want to piss off the people who are the ones who are making the decisions about the amount of money that you guys make and the benefits?'. I don't for the life of me understand that and I have to I guess, believe, you guys [the other commissioners] can chime in at any time, I have to believe this is not the majority of the sentiment of most of the people who work for Jackson County. But it does irritate me. Because we put a lot of time and effort into trying to figure this out…All three of us [county commissioners] defend this department that without paying people more money and keeping good employees – and we've hired some really good people, we really have – and without paying them more money we're not going to be able to keep them but this [public Facebook post of Mr. Smith's] doesn't help."

**24.** Defendant Pruett then said that the commission has created an avenue for County employees to speak to them, but that making posts on Facebook is unacceptable – and here Pruett claims Mr. Smith's post was not true. Mr. Smith responded, saying, "That's why it's put on there: 'rumors'." The defendant Kelly replied, "If it starts with rumor, don't say it. Because I'm here to tell you, right here in this handbook and each of you signed off on this handbook…it can end up in termination."

**25.** Mr. Smith responded to Kelly's comment with, "Fire me then" and he reminded the commission that federal law prohibits termination along these lines and that when he's at home and off the clock he has free speech, just like everyone else does.

**26.** Defendant Kelly objected to this by claiming, "But you're saying disparaging things about us." Mr. Smith then stated, "I have free speech. This is a public entity. You want to go down that road…", whereby defendant Kelly interrupted Mr. Smith telling him, "Well, keep it up and we might."

27. Defendant Kelly then asked why Mr. Smith hadn't first asked the commissioners about the rumors he heard concerning the tiered pay system before posting about it online. Mr. Smith answered saying it was because he and other employes kept hearing about the rumors. To which defendant Kelly demanded that Mr. Smith, "Don't cover, don't follow rumors."

28. Mr. Smith informed defendant Kelly that he's not obligated to do that because he still has the right to voice his opinion on his public Facebook page whether the commission approves it or not. Defendant Kelly then tried to end the conversation by declaring that that portion of the meeting was not question and answer time, but rather "listening time." He also said the commission has defended the department to the public so "don't do this stuff [report negatively about the commission]" thereby ordering Mr. Smith to not report on this issue.

29. In subsequent meetings the commission discussed this tiered pay system and ultimately implemented it in January 2024 thus showing that the rumors Mr. Smith reported on had not just been rumors. Mr. Smith brought further embarrassment on the commission when he wrote in the description section of the video: "This is a video that explains and exposes the "SHIT SHOW" of a meeting that took place on Tuesday August 22nd 2023 at the Jackson County Kansas Road & Bridge Dept. 2 of the 3 Commissioners tries to intimidate, embarrass, humiliate, and threaten an employee in front of the entire department for sharing his opinion on "RUMORS". But didn't go well for them as they planned."

30. Smith then listed the public contact information for each defendant commissioner.
Video link: [(HD VERSION) JA CO KS R&B Meeting "Shit Show"](#)

31. On September 17th, 2023, Mr. Smith published a video, "Wanted for questioning," on his YouTube channel. The subject of this report was the allegation that former Jackson County Sheriff's Deputy Matt Honas "hog-tied," tazed, and handcuffed a small minor child who was autistic. This report put Jackson County Kansas in an embarrassing and unfavorable light. Furthering this embarrassment, Mr. Smith wrote in the description section of the video: "Have you seen this man? Wanted for questioning for outrageous acts against an autistic minor child. Matthew T. Honas a former Jackson County Kansas Sheriff's Officer, on Feb 23rd 2022, handcuffed, hogtied, shackled, then after placing the autistic child in the back of his cruiser, tased him, used pressure point techniques on the child's jaw while the child was of no threat, all while cursing at the child with no directives for the child to follow.

**32.** Mr. Smith further reported that Matthew Honas was fired one week and one day after this incident took place, however, CPOST (Kansas Commission on Peace Officers' Standards and Training) ruled he can still be a law enforcement officer in the State Of Kansas! Is he in a town near you?" Video link: https://youtu.be/cDmNQDP7mNM

**33.** On September 24th, 2023, Mr. Smith published a video titled "Which is worse? You Decide!" on his YouTube channel. This video reported on a Kansas state trooper who was terminated and had his law enforcement license revoked for stealing a jacket yet the Jackson County Sheriff's Deputy Honas, who had handcuffed, hogtied, and tazed a small autistic child, had not lost his law enforcement license. This inconsistency was disconcerting and embarrassing to each of the named defendants. Video link: https://youtu.be/0OO8_QBwQGQ.

**34.** On September 2nd, 2024, Mr. Smith published a video on his YouTube channel titled, "Jackson County KS Excuse for raising taxes." This video Smith reported on the August 22nd, 2024 Jackson County commission meeting where the commissioners discussed raising County taxes. In the report, Mr. Smith criticized the Commissioners by stating his belief that the tax increase was due to the recent wasteful spending in the Road & Bridge department.

**35.** In the description section of the video, Mr. Smith wrote: "Jackson County KS Commissioners decided to raise taxes on 8/22/24 despite many voices against it. Used excuses such as Employee raises of 4%, blame local native tribe, and cost of living for the reason." Video link: https://youtu.be/K34etinNvj4.

**36.** On September 3rd, 2024, Mr. Smith published a short video on his YouTube channel titled "JA CO KS Commissioner Throws Temper Tantrum." The video reported on the August 22nd, 2024 Jackson County commission budget hearing where defendant Pruett stood up from his seat and slammed his hand down on the table multiple times in a fit of rage while demanding the members of the public listen to him. Video link: https://youtube.com/shorts/i4GbXKDGm_I?feature=share

**37.** Also on September 3rd, 2024, Mr. Smith published a video on his YouTube channel titled, "JA CO KS Road & Bridge Employees Not Happy." This video reports concerning the August 27th, 2024 Road & Bridge meeting which exposed the behind the scenes functioning of the department that the general public would not have known about without Smith's reporting. Video link: https://youtu.be/RUYylmTnneo.

**38.** On September 6th and 7th, 2024, Mr. Smith published a three-part video series on his YouTube channel titled, "Jackson County Planning and Zoning meeting."

**39.** These videos reported on the September 5th, 2024 Jackson County Planning and Zoning meeting. This meeting was about the highly controversial industrial solar and wind proposals the commission were considering – an issue deeply unpopular with Jackson County residents which each of the named defendants were well aware of.

**40.** Smith reported that during the meeting, many citizens voiced their opposition to these solar and wind proposals. Video links:
Part 1: https://youtu.be/-XNJ8I6e5hQ
Part 2: https://youtu.be/CMfBlfq5OQc
Part 3: https://youtu.be/o381qMt4OEQ

**41.** On September 9, 2024, Mr. Smith submitted to Linda Jackson with Jackson County taking vacation leave for September 13, 2024, which Linda Jackson approved that same day.

**42.** On September 10th, 2024, defendant Kelly personally confronted Mr. Smith while Smith was on the job grading County roads to hand deliver an official letter - signed by each of the commission defendants - ordering Mr. Smith to take part in an interview for an investigation into "complaints of violations of county policies, discrimination, and other misconduct" filed against the Jackson County Road & Bridge department. The letter further stated that other Road & Bridge employees would also be taking part in separate interviews regarding this investigation.

**43.** Mr. Smith was required to attend this interview during his scheduled and approved vacation. Mr. Smith attended the interview on September 13th, 2024. He was told by the interviewing attorneys that an official discrimination complaint against the Jackson County Road & Bridge department had been made by-way-of a Facebook post from an account called "Jackson Transparency."

**44.** The interview was conducted by two attorneys employed by the law firm Dietrich Law which Jackson County had hired. During the interview the attorneys accused Mr. Smith of making the Facebook post.

**45.** One or more of each of the named defendants suspected or believed that Mr. Smith had made the post from that account.

**46.** The interviewing attorney then asked Mr. Smith to state all allegations or complaints that Mr. Smith had against the defendant Kieffaber.

**47.** Mr. Smith responded that he held no personal animosity against him. Mr. Smith was asked if he had ever reported the idea that defendant Kieffaber be terminated from his position as Public Works Director.

**48.** To that question Mr. Smith said that he had reported this. Mr. Smith was also asked about views on the new tiered pay system to which he said that in his reporting he expressed concern that employees do not advance as they should under the system and that the system was arbitrary and discriminatory.

**49.** The interviewing attorneys then asked Mr. Smith about the YouTube video he published reporting on defendant Kieffaber's reported wasteful Road & Bridge department spending and reporting that Kieffaber deserved to be fired.

**50.** The attorneys also asked Mr. Smith about a recent sexual allegation made against him arising from Mr. Smith's Kansas Open Records Request for records concerning a Global Positioning System that Road & Bridge had installed on all its trucks.

**51.** Despite Mr. Smith providing the names of other employees who he thought might have information in response to the questions asked of him during the interview and despite the Commission letter stating that other "individual, off-site interviews with certain employees believed to have knowledge of the allegations" would be conducted, upon Mr. Smith's investigation, no other employees were contacted by that law firm. Mr. Smith's investigation and reporting demonstrated that the only Jackson County employee targeted by the Jackson County Commissioners to answer questions about the purported discrimination complaint was Mr. Smith.

**52.** As a result of this mandated interview, Mr. Smith and his wife were forced to cancel a vacation trip they planned to leave for on September 12th, 2024. Although this interview required Mr. Smith to forfeit eight hours of vacation time, the County only allotted one hour of vacation time to not be taken for Mr. Smith's required attendance at the interrogating interview.

**53.** At a September 16th, 2024, Jackson County commission open public meeting, Jackson County resident Tom Hoffman attempted to speak to the commission during his allotted time provided to him on the meeting agenda. However, the commission,

along with its member defendant Todd Luckman, stopped Mr. Hoffman from speaking, stating that because Mr. Hoffman's attorney had recently sent cease and desist letters to the commissioners that all communication to the commission must now be conducted only through his attorney.

**54.** On September 17th, 2024, Mr. Smith reported on this incident when he published a YouTube video on his channel titled, "JA CO KS Commission Violates Rights!".

**55.** In this video Mr. Smith criticized the defendant commissioners and defendant Luckman by characterizing their actions as "disturbing" when they violated Mr. Hoffman's free speech rights.

**56.** Mr. Smith reported that the commissioners were acting in their official capacities and under the color of law when they took this action against a citizen. In the description section of the video Mr. Smith wrote: "On Sept 16th 2024 Jackson Co KS Commissioners decided to violate a man's rights discriminating and preventing him from speaking in a public Commission meeting during open public comment, nor would they allow him to be on scheduled comment section. The Legal Council for the Board of Commission even after admitting he does not relinquish his rights to speak, backed the commissioners blatant violation."

**57.** Mr. Smith also listed the public contact information for each of the defendant commissioners and the Jackson County courthouse. Video link: https://youtu.be/tzZVf3RjCAM?si=RR7VT2K2DUMBUs1E

**58.** On September 17th, 2024, Mr. Smith published a video on his YouTube channel titled, "JA CO KS Commissioners Violate Rights!". This video reports what Mr. Smith said were Mr. Hoffman's free speech rights being violated by the Commissioners at the September 16th, 2024, County commission meeting. The report ultimately brought more unfavorable and embarrassing media attention to the County commission from two other citizen journalists.

**59.** These two citizen journalists subsequently attended Jackson County commission meetings publishing multiple and widely viewed videos reporting unfavorably on the County commission, its business, and defendant Luckman. Video link: https://youtu.be/tzZVf3RjCAM.

**60.** On October 22 2024, defendant Kieffaber, in concert with, and with complete prior approval of each of the named defendants, terminated the employment of Mr.

9

Smith because of and in retaliation for Mr. Smith's reporting and his protected speech.

**61.** The Defendants Kelly, Brenner, Pruett, Luckman, and Kieffaber who were each personally involved with the intimidation, harassment, threats, isolating, ostracizing, mocking, falsely accusing, blacklisting, discipline, warnings, reprimands, retaliation, and termination through their individual communications with and between each other, caused or contributed to the Plaintiff to be deprived of his First and Fourteenth Amendment rights in having his free speech rights chilled by the threats and actions of each of the defendants including Mr. Smith's eventual employment termination.

**62.** The Defendants Kelly, Brenner, Pruett, Luckman, and Kieffaber, who were involved with the retaliation and termination as described above, acted under color of state law.

**63.** The conduct, as described above, of the each of the named defendants Kelly, Brenner, Pruett, Luckman, and Kieffaber, who were involved with the retaliation and termination as described above, resulted in damages to this Plaintiff.

**64.** The reporting speech and Mr. Smith's personal speech communicated by the Plaintiff was not ordinarily within any of Smith's official duties.

**65.** The Plaintiff's speech related to a matter of public concern.

**66.** The interests of the governmental employer do not outweigh the interests of the Plaintiff.

**67.** The Plaintiff's protected speech was a motivating factor in the retaliation and termination.

**68.** The Defendants Kelly, Brenner, Pruett, Luckman, and Kieffaber would not have retaliated and terminated the Plaintiff in the absence of the protected speech of the Plaintiff.

**69.** The Plaintiff has sustained damages.

**PRAYER FOR RELIEF**

WHEREFORE, this plaintiff Richard Smith requests that the Court award back pay, front pay, pay raise, job related opportunities, and special damages of out-of-pocket costs and direct financial losses of benefits and other forms of compensation. Plaintiff is entitled to emotional distress damages, reinstatement and placement, attorney fees and costs, and punitive damages.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL**

/s/Linus L. Baker
Linus L. Baker, KS 18197
6732 West 185th Terrace
Stilwell, KS  66085-8922
Telephone:  913.486.3913
Fax:            913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiff

11

## Verification of Complaint

I, Richard Smith, am the plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Date: 1/7/2025

By: /s/ Richard Smith
Richard Smith